**RASKIN'S, Inc. v. JONES, Collector of Internal Revenue.**

**Civ. A. No. 4281.**

United States District Court
W. D. Oklahoma.

Sept. 28, 1949.

John E. Marshall, Oklahoma City, Okl. for plaintiff.

C. M. Featherston, Department of Justice, Washington, D. C., Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

Be it remembered that, pursuant to regular assignment for trial, the above entitled cause came on for hearing on the 23rd day of September, 1949, before the undersigned Judge of the United States District Court for the Western District of Oklahoma; that the plaintiff, Raskin's, Inc., appeared by its attorney, John E. Marshall; that the defendant, H. C. Jones, Collector of Internal Revenue, appeared by one of his attorneys, C. M. Featherston of the Department of Justice, and that both sides announced ready for trial. A jury having been waived in open court at the pre-trial hearing, the Court, by prior agreement of counsel at the pre-trial hearing, proceeded to try the case upon the issue of whether plaintiff had elected to compute its income from installment sales on the accrual basis, as provided by section 736(a) of the Internal Revenue Code, 26 U.S.C.A. § 736(a). Thereupon, the parties jointly submitted a stipulation of facts with exhibits thereto; and plaintiff introduced in evidence other documentary proof and called two witnesses, who were examined under oath.

Based upon the stipulation of facts with exhibits thereto, documentary proof and oral testimony of witnesses, the court makes the following findings of fact:

Plaintiff is a corporation incorporated under the laws of the State of Oklahoma on February 17, 1941, and defendant is the Collector of Internal Revenue for the Collection District of Oklahoma, residing in Oklahoma County, Oklahoma, and within the Western District of Oklahoma. Defendant was the Collector of Internal Revenue for the Collection District of Oklahoma from July 6, 1933 to April 30, 1946, and he is now and has been since July 29, 1946 the Collector of Internal Revenue for said collection district. The taxes sought to be refunded were paid to said collector. The tax returns and claims for refund, original and amended, mentioned herein, were filed with said collector.

The action arises under 26 U.S.C.A. § 736, section 736 of the Internal Revenue Code.

The business of the plaintiff is the sale of merchandise at retail, chiefly jewelry; and at all times material hereto, plaintiff qualified as a person who regularly sells or otherwise disposes of personal property on the installment plan within the purview of section 44(a) of the Internal Revenue Code, 26 U.S.C.A. § 44(a).

Plaintiff's annual accounting period is the fiscal year ended August 31; and in its income and excess profits tax returns for the taxable years from February 17, 1941 to the close of its taxable year ended August 31, 1946, plaintiff computed its income in accordance with the method of accounting regularly employed in keeping its books. That method treated as income from installment sales that proportion of the installment payments actually received in a particular year which the gross profits realized or to be realized when payment was completed, bore to the total contract price.

In the fall of 1946, plaintiff employed one Frank H. Ephraim, a certified public accountant, to obtain for it the relief provided by section 736 of the Internal Revenue Code. Pursuant to his employment, Mr. Ephraim prepared for plaintiff a corporation income tax return, Form 1120, and a corporation excess profits tax return, Form 1121, for the taxable year ended August 31, 1946, and claims for refund for the taxable

years ended August 31, 1943 and August 31, 1944. These returns and claims were simultaneously filed on November 15, 1946.

Plaintiff established that the average outstanding installment accounts receivable at the end of each of the years in the installment base period was more than 125% of the amount of such accounts receivable at the end of the taxable year of election; and it elected in its aforesaid excess profits tax return for the taxable year ended August 31, 1946 to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a) aforesaid.

On May 14, 1948, within two years after the date the election aforesaid was made, plaintiff filed a claim for refund for the taxable year ended August 31, 1942 and amended claims for refund for the taxable years ended August 31, 1943 and August 31, 1944, each based on the ground that plaintiff is entitled to compute its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a) aforesaid, as provided by section 736 of the Internal Revenue Code. Simultaneously, plaintiff filed amended income and declared value excess profits tax returns and amended excess profits tax returns for the years from February 17, 1941 to the close of the taxable year ended August 31, 1946. Said returns reflect the effects of the computation of income from installment sales for the purpose of the excess profits tax for such years on the basis of the taxable period for which such income is accrued.

On November 12, 1948, the Commissioner of Internal Revenue denied the claims and amended claims. This action followed.

Based upon the foregoing facts, the Court makes the following conclusions of law:

Plaintiff elected to compute its income from installment sales on the accrual basis, as provided by section 736(a) of the Internal Revenue Code.

Plaintiff is entitled to compute its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a), as provided by section 736 of the Internal Revenue Code.

### Judgment

It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Raskin's, Inc., have and recover of the defendant, H. C. Jones, Collector of Internal Revenue, a judgment for the refund of excess profits taxes and interest.

It is further ordered that the parties shall have until October 27, 1949 to file with this Court an agreement stating the amounts of excess profits taxes and interest to be refunded; and if they fail therein, the Court will determine the amounts.